**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0966-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

MICHAEL SUAREZ,

      Defendant-Appellant.

_____

Argued May 7, 2025 – Decided May 19, 2025

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 93-07-0580.

Peter T. Blum, Assistant Deputy Public Defender, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Peter T. Blum, of counsel and on the briefs).

Laura E. Wojcik, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Laura E. Wojcik, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Michael Suarez of murder, felony murder, robbery, burglary, and unlawful possession of a knife for fatally stabbing his neighbor, Joel Blevins, at the victim's Island Heights home on August 3, 1991. During the early morning attack, defendant repeatedly stabbed Blevins in the head and neck as he lay in bed. Defendant took Blevins's wallet and left the residence.

Nineteen years old when he committed the crimes, defendant was sentenced to an aggregate prison term of life plus twenty years, with a forty-year parole disqualifier. On direct appeal, we affirmed defendant's convictions and sentence in an unpublished opinion. State v. Suarez, No. A-0800-95 (App. Div. Dec. 1, 1997) (slip op. at 8).

In July 2022, defendant filed the present pro se application, apparently styled as a motion to correct an illegal sentence. See R. 3:21-10(b)(5) (recognizing the absence of a temporal limit on the court's ability to review an illegal sentence). Thereafter, defendant's assigned counsel "filed a substantially identical brief" on defendant's behalf.[1] In late October 2022, the court held oral

---

[1] Defendant's appellate appendix does not include his motion papers. See R. 2:6-1(a)(2) (prohibiting the inclusion of trial court briefs in the appellate appendix unless the issue raised "is germane to the appeal"). During oral argument before us, defense counsel confirmed the accuracy of the motion

argument on the motion. Defendant argued as a youthful offender, he was entitled to resentencing under the twenty-year "lookback" provision for juvenile offenders pursuant to State v. Comer, 249 N.J. 359 (2022).

On November 2, 2022, the motion judge, who had no prior involvement in defendant's matters, issued an order denying relief. In his accompanying written decision, the judge thoroughly addressed defendant's constitutional arguments and found the Court's decision in Comer only applied to juvenile offenders. Because defendant was nineteen years old when he committed his crimes, the judge concluded he was not entitled to resentencing.

On appeal, defendant raises the following point for our consideration:

POINT I

A RESENTENCING SHOULD OCCUR BECAUSE THE COMER DECISION – WHICH ENTITLES JUVENILE OFFENDERS TO A RESENTENCING AFTER TWENTY YEARS – SHOULD EXTEND TO NINETEEN-YEAR-OLD OFFENDERS LIKE DEFENDANT . . . , WHO SHARE THE SAME CHARACTERISTICS AS JUVENILES. U.S. CONST. AMENDS. VIII, XIV; N.J. CONST. ART. I, ¶ 12.

A. Legal Background: Juveniles Receive Constitutional Protection Against Lengthy

---

judge's recitation of the events and arguments. As such, our review is not hampered by the omission. In his decision, the judge noted another judge denied defendant's initial motion to correct an illegal sentence in August 2020. Defendant's initial motion is not included in the appellate record.

Sentences Because of Their Diminished Culpability and Likelihood of Reform, Characteristics Described by the Miller[2] Factors.

B. Nineteen-Year-Olds Should Receive the Same Constitutional Protection Against Lengthy Sentences Because the Miller Factors Apply Equally to Them.

After defendant filed his merits brief, we issued our decision in State v. Jones, 478 N.J. Super. 532 (App. Div.), certif. denied, 259 N.J. 304, 259 N.J. 314, and 259 N.J. 315 (2024) (declining to extend the Court's holding in Comer to young adult offenders). On May 31, 2024, the same day Jones was issued, the State filed a letter pursuant to Rule 2:6-11(d), arguing defendant's contentions lack merit for the same reasons we articulated in Jones. In response, citing our decision in State v. Harrell, 475 N.J. Super. 545, 564 (App. Div. 2023), defendant notes this court is not bound by its prior decisions. He argues our decision in Jones is incorrect.

Shortly before oral argument before us, defendant filed a Rule 2:6-11(d) letter, citing People v. Taylor, ___ N.W.3d ___ (Mich. 2025). In his letter, defendant asserts "Michigan now joins Washington and Massachusetts in extending state constitutional protection against long sentences through age

---

[2] Miller v. Alabama, 567 U.S. 460 (2012).

twenty." Defendant urges us to similarly "extend constitutional protection against long sentences through age twenty." The State filed a response, arguing unlike Taylor, defendant was not sentenced to life without the possibility of parole.

Having considered defendant's contentions in view of the principles chronicled in Jones, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add the following remarks to give context to our decision.

In Comer, our Supreme Court recognized "children are constitutionally different from adults for purposes of sentencing," 249 N.J. at 384 (quoting Miller, 567 U.S. at 471), and held "[j]uvenile offenders sentenced under the [homicide] statute may petition for a review of their sentence after having spent [twenty] years in jail," id. at 403 (citing Miller, 567 U.S. at 477-78). Comer was seventeen when he committed his crimes, id. at 371, and James Zarate, the defendant in the companion case, was fourteen years old when he committed his crimes, id. at 374.

Following a flurry of unpublished decisions affirming the post-conviction motion courts' denial of various applications by youthful offenders, who were between the ages of eighteen and twenty when they committed their crimes and

5

serving mandatory sentences greater than two decades, we affirmed other courts' similar denials in three consolidated matters. Jones, 478 N.J. Super. at 553. The three defendants in the consolidated Jones cases were eighteen and twenty years old when they committed homicide. Id. at 541, 544, 547. Similar to defendant in the present matter, each defendant in Jones sought resentencing, arguing the Comer sentencing review procedure "should extend to youthful offenders between the ages of eighteen and twenty when they committed their offenses," id. at 534-35, because "developmental science recognizes no meaningful cognitive differences between juveniles and young adults," id. at 542.

Following an extensive review of the "guiding legal principles" applicable to the sentencing of juvenile offenders, id. at 535-36, we declined to extend the holding in Comer to youthful offenders, id. at 549. We found "the Court's decision was limited to juvenile offenders tried and convicted of murder in adult court." Ibid. In reaching our conclusion, we relied in part on State v. Ryan, 249 N.J. 581 (2022), an opinion the Court issued one month after deciding Comer. Jones, 478 N.J. Super. at 549-50.

In Ryan, the Court observed: "The Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing. Although this choice may seem arbitrary, 'a line must be drawn,' and '[t]he age of [eighteen] is the point

where society draws the line for many purposes between childhood and adulthood.'" 249 N.J. at 600 n.10 (alterations in original) (quoting Roper v. Simmons, 543 U.S. 551, 574, (2006)); see also Jones, 478 N.J. Super. at 551 (citing N.J.S.A. 2A:4A-22(a) (defining a juvenile as an individual "under the age of [eighteen] years"); N.J.S.A. 2A:4A-22(b) (defining an adult as "an individual [eighteen] years of age or older")).

In Jones, we further noted "our [limited] institutional role as an intermediate appellate court." 478 N.J. Super. at 551. Bound by the Supreme Courts of the United States and this state, we declined "to disturb the motion judges' decisions, which emphasized the Supreme Court in Comer limited its decision to juveniles." Ibid.

We reach the same conclusions in this case. Perceiving no basis to deviate from our opinion in Jones, we affirm the November 2, 2022 order denying defendant's motion for resentencing.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0966-22